### THE DWECK LAW FIRM, LLP

10 ROCKEFELLER PLAZA

NEW YORK, N.Y. 10020

JACK S. DWECK*
H.P. SEAN DWECK**

CHRISTOPHER S. FRASER***

ERIC J. SCHMERTZ
1925-2010

.* ADMITTED TO N.Y. CONN. AND FLA. BARS
** ADMITTED TO N.Y. AND PA. BARS
*** ADMITTED TO N.Y. AND N.J. BARS

TELEPHONE:  (212) 687-8200

FACSIMILE:  (212) 697-2521

WWW.DWECKLAW.COM

WESTCHESTER OFFICE
901 NORTH BROADWAY
NORTH WHITE PLAINS, N.Y. 10603

NOT FOR SERVICE OF PAPERS

CONNECTICUT OFFICE
GRAVEL ISLAND ROAD
NEW CANAAN, CT 06840

(203) 972-3000

NOT FOR SERVICE OF PAPERS

October 9, 2020

**VIA ECF**

Hon. Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    *Mid-Hudson Properties, Inc. vs. Liberty Mutual Insurance Co., et al.*
              **Docket No. 7:19-cv-01167**

Honorable Sir:

    The undersigned are attorneys for the Plaintiff in the above entitled action.

    I write to you in accordance with Local Civil Rule 37.2 and your individual rules of practice to also request a pre-motion conference with regard to the total failure on the part of Defendants to comply with the legitimate and *bona fine* discovery demands served upon them. The default has continued for months without ever being addressed by counsel for the Defendants.

    In order to clarify gross misstatements contained in a letter received today addressed to Your Honor by defense counsel, I respectfully call to your attention that the insurance coverage action brought by the Plaintiff did not arise from roof leaks, but arose from a Nor'easter storm which caused extensive damage throughout the northeast area inclusive of Dutchess County and

Hon. Philip M. Halpern, U.S.D.J.
October 9, 2020
Page 2

the property of the Plaintiff located at 235 Main Street, Poughkeepsie, New York (the "Building").
The Building is in the center of Downtown Poughkeepsie literally across the street from the
Supreme Courthouse in Dutchess County.

The Building is a three-story commercial structure of approximately 28,000 to 30,000
square feet.  In view of the fact that the Building did not have onsite management with absentee
ownership, no notice was ever received from the Managing Agent or the owners of the Building
until after it was ordered to be vacated as a result of major flooding that took place following this
major storm.  It is believed that the water damage primarily to the interior, but also to the exterior
of the Building, was caused by the door to the roof of the Building having been left open by some
unknown person or persons.  The first notice of damage was brought to the attention of the
undersigned, who is one of the equity holders of the Plaintiff, by either the Poughkeepsie
Department of Buildings and/or the attorney for one of the tenants in the Building who was ordered
to vacate.  The damage was so extensive that it caused major flooding to all floors of the Building,
the HVAC system, flooding in the basement, flooding in the elevator shaft, flooding of the
mechanical systems and other damage primarily to the interior of the Building.  Contrary to what
counsel for the insurance company has suggested, the damage was not caused by any leaks in the
roof on the Building.  The flooding was so severe, along with hurricane force winds, that portions
of the roof were damaged by the storm.

When the loss occurred, it was not immediately brought to the attention of anyone on behalf
of the Plaintiff, the Managing Agent, or the Building's occupants.  When the Building was ordered

Hon. Philip M. Halpern, U.S.D.J.
October 9, 2020
Page 3

vacated by the City of Poughkeepsie, Plaintiff's claim was made to the Defendants as well as the insurance broker who also likewise notified the Defendants of the loss.

The individual adjuster assigned by the Defendants to this claim delayed by months in responding to the loss, failed to furnish any temporary funds to board up or otherwise protect the Building, much less make repairs. The adjuster was preoccupied with attempting to fabricate an excuse to disclaim coverage, which she eventually did and thereafter rescinded. In addition, the sharp practices engaged in by this adjuster were compounded by another adjuster from Indiana attempting to minimize the loss by visiting the Building and assigning reimbursement cost estimates based on labor charges in the Midwest or the South, but not concomitant with current costs for contractors and subcontractors in the New York Metropolitan area. In addition, this same adjuster refused initially to make any award for lost rental and to date the Defendants have failed and refused to honor policy obligations for replacement coverage, which they have boasted in false advertising which continues to date.

As is usual with insurance carriers seeking to avoid recognition of a loss and reimbursement of the same, the value of the Building was greatly diminished. As a result, the Plaintiff suffered losses of several hundreds of thousands if not millions of dollars due to the depreciated value of the Building, which was eventually sold years after the loss.

With respect to the Plaintiff's attempts at obtaining discovery in the prosecution of this action, I respectfully request a conference to address the total and complete failure of defense counsel and the Defendants to comply with even a modicum of discovery. Out of twenty

Hon. Philip M. Halpern, U.S.D.J.
October 9, 2020
Page 4

Interrogatories served upon the Defendants, only one Interrogatory was responded to, while the others have been completely and totally objected to without a single answer given.

With respect to the Notice for Production of Documents, despite my requests to defense counsel to have the production of documents correspond to the categories in each request, several hundred pages were furnished on a wholesale basis in a totally uncoordinated manner.

Notices for the deposition of three individuals who acted on behalf of the Defendants have been ignored. Instead, defense counsel has attempted to take the offense by seeking documents going back to the original purchase of the Building more than fifteen years ago.  In a mistaken attempt on the part of the undersigned to appease counsel, though totally lacking in relevancy, Plaintiff has produced monthly statements furnished by the managing agent of the Building encompassing a period of approximately two years.  Not being satisfied, defense counsel requested such statements dating back more than five years.  I believe that this places an undue burden upon the Plaintiff and is so far beyond the issues of this action as to constitute an expensive and time consuming imposition upon Plaintiff for responses which are of no value whatsoever.  To seek maintenance and repair records for the Building dating back to March 2007 for an incident and loss which occurred ten years later cannot be countenanced. On this basis, Your Honor is respectfully called upon to preside over whatever rulings may be necessary to limit discovery to a reasonable level.

Plaintiff respectfully requests that a pre-motion conference be scheduled at the Court's convenience.

Hon. Philip M. Halpern, U.S.D.J.
October 9, 2020
Page 5

Despite my professional disagreements with defense counsel, I consent, subject of course

to your approval, to an extension of the fact discovery deadline of December 18, 2020 for an

additional 90 day period to complete discovery.

Respectfully yours,

THE DWECK LAW FIRM, LLP

/s/ Jack S. Dweck

Jack S. Dweck, Esq.

cc:     All counsel by ECF and Email

The Court is in receipt of Defendants' pre-motion conference letter (Doc. 27) and Plaintiff's response thereto (Doc. 28). The Court shall hold a pre-motion conference on October 27, 2020 at 2:00 p.m. At the time of the scheduled conference all parties shall call (888) 398-2342; access code: 3456831. The Clerk is instructed to terminate ECF No. 27.

SO ORDERED.                    _____

                               Philip M. Halpern, U.S.D.J.

Dated: New York, NY
        October 13, 2020